J-A34037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| T. A. H. | ⁝ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | ⁝ | |
| v. | ⁝ | |
| W. A. H., III | ⁝ | |
| Appellant | ⁝ | No. 663 MDA 2015 |

Appeal from the Order Entered February 12, 2015
In the Court of Common Pleas of Franklin County
Civil Division at No(s): 2015-190

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED JANUARY 04, 2016**

W.A.H., III ("Husband") appeals from a final Protection From Abuse ("PFA")[1] order prohibiting him from contacting his wife, T.A.H. ("Wife") for three years.  We affirm.

On January 14, 2015, Wife filed a PFA petition seeking protection from Husband.  The trial court entered a temporary PFA order restraining Husband from abusing, harassing or contacting Wife or their children pending an evidentiary hearing.

On February 12, 2015, the trial court held a hearing on Wife's petition. The following evidence was adduced.  Husband and Wife were married for almost sixteen years and had three children.  N.T., 2/12/15, at 9.  Wife is

_____

[1] **See** Protection From Abuse Act ("PFA Act"), 23 Pa.C.S. § 6101 *et seq*.

employed as a school bus driver. *Id*. at 19-20. On December 3, 2014, Wife separated from Husband. *Id*. at 10. Husband lost his job in 2011 and went to prison at an unspecified point after December 3, 2014. *Id*. at 19, 56.

During their marriage, Husband repeatedly forced Wife to engage in sexual intercourse and other sexual acts against her will. N.T., 2/12/15, at 17-18. During the last two or three years of their marriage, almost every time Husband tried to initiate sexual contact, Wife told Husband no and told him not to touch her, but she eventually gave in because their children were outside the door or close by. *Id*. Husband also regularly groped Wife, smacked her across the bottom and grabbed her breasts almost daily in the presence of their children or third persons despite her repeated objections. *Id*. at 19, 42.

During their marriage, Husband was controlling and domineering, and he often became enraged and smashed Wife's or their childrens' personal items such as laptops, Kindles and other items. N.T., 2/12/15, at 11-12. He threw items at Wife, such as cans and boxes of cereal on one occasion when he could not find an item in the pantry. *Id*. at 16. He also threw potatoes and rutabagas at Wife because she asked him to peel them a certain way. *Id*. at 16, 34.

On the day that Wife separated from Husband and left with their children, Husband was "yelling and screaming" at Wife, kicked in the kitchen cabinets, and ripped Wife's phone out of her hand and smashed it on the kitchen counter. N.T., 2/12/15, at 10.

After their separation, Husband repeatedly attempted to contact Wife or learn her location by using other persons' Facebook accounts to send her messages, driving to her workplace to speak with her boss, and using their oldest daughter's phone to ascertain Wife's location. N.T., 2/12/15, at 19, 42. He also attempted to get into Wife's school bus to speak with her and to try to force her to return home. *Id*. at 20. Even after filing her PFA petition, Wife continued to express fear and concern that Husband would continue to "push the line" and let her know he knew where she was and what she was doing. *Id*. at 23.

Husband became increasingly unruly during the evidentiary hearing. *See*, *e.g.*, N.T., 2/12/15, at 56-63 (Husband's angry 8-page speech to court during direct testimony), 69-72 (Husband's closing argument). When the court granted Wife's petition and directed that the protective order will remain in place for three years, Husband slammed the table and repeatedly exclaimed "deplorable" and "absolutely deplorable". *Id*. at 75-76.

On February 25, 2015, the trial court received papers from the Superior Court that apparently constituted Husband's attempt to appeal the final PFA order. The trial court directed Husband to file a notice of appeal in the trial court on or before March 16, 2015. On March 11, 2015, Husband filed a six page document in the trial court entitled "Appeal Motions". We will construe this document as a timely notice of appeal.

The trial court ordered Husband to file a Pa.R.A.P. 1925(b) statement. In response, Husband filed a four page, handwritten document filled with

paragraphs of vituperative commentary on the conduct of Wife and the trial court. On May 5, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion. In this Court, Husband has filed a lengthy handwritten brief again filled with vituperative and unintelligible commentary.

We agree with the trial court that Husband has waived all issues on appeal due to the "voluminous and predominantly unintelligible" nature of his Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa.1998) ("any issues not raised in a 1925(b) statement will be deemed waived"); *Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa.Super.2002) ("[a] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all … [e]ven if the trial court correctly guesses the issues Appellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived").

Even if Husband preserved his issues for appeal, we see no error or abuse of discretion in the trial court's decision. The PFA Act prohibits family or household members from intentionally causing indecent assault against another family or household member. 23 Pa.C.S. § 6102(a)(1). Indecent assault is "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101. The trial court held that Husband committed indecent assault by repeatedly groping Wife's breasts, smacking her bottom and

forcing her to have sexual intercourse against her will. We agree with the trial court's reasoning.

In addition, the PFA Act prohibits "knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S. § 6102(a)(5). The trial court correctly held that Husband violated this provision by regularly smashing or destroying household items, throwing items at Wife, groping Wife in front of their children, and repeatedly attempting to contact Wife after their separation.

Order affirmed. Husband's applications for relief are denied with prejudice in their totality.[2]

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2016

---

[2] Husband filed multiple applications for relief during this appeal, portions of which we denied with prejudice and portions of which we denied without prejudice. To make today's decision final, all portions of the applications that we previously denied without prejudice are now denied with prejudice.